IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KINESIO USA, LLC, a New Mexico limited liability company, and KINESIO HOLDING CORPORATION, a New Mexico corporation, KINESIO IP, LLC, a New Mexico limited liability company,<br><br>       Plaintiffs,<br><br>v.<br><br>JOHN A. "JACK" HOPE, an individual,<br><br>       Defendant. | No. 12-cv-00831 (RHS)(KBM) |

## ANSWER TO COMPLAINT AND COUNTERLAIM OF JOHN A. "JACK" HOPE

Defendant John A. "Jack" Hope ("Mr. Hope" or "Defendant") through his counsel, for his Answer to Plaintiffs' Complaint For Breach of Settlement Agreement and Collection Under Promissory Note against Defendant avers as follows:

### PARTIES' JURISDICTION AND VENUE

    1.    Admitted upon information and belief.

    2.    Admitted upon information and belief.

    3.    Admitted only that Mr. Hope is a resident of the Commonwealth of Pennsylvania. The remaining allegations in Paragraph 3 of the Complaint are denied.

    4.    The allegations in Paragraph 4 of the Complaint are denied as conclusions of law to which no responsive pleading is required.

### GENERAL ALLEGATIONS

    5.    Admitted only that the action referenced in paragraph 5 of the Complaint was filed in the Second Judicial District Court of the State of New Mexico (the "State Court"). By way of further answer, the Complaint filed in the State Court is a document which speaks for

itself.  Any allegations contained in Paragraph 5 inconsistent with the allegations contained in that document are denied.

      6.      The Complaint in the State Court action is a document which speaks for itself.  Any allegations contained in Paragraph 6 inconsistent with the allegations contained in that document are denied.

      7.      Admitted.

      8.      Admitted.

      9.      Denied.  It is admitted on that on or about August 29, 2011, Kinesio, Hope, PerformTex and Grace reached a settlement in principle to resolve all the disputes and claims that were raised in the State Court action, the Arbitration Demand, and the Declaratory Judgment Action.

      10.      Denied as stated.  Admitted only that a dispute arose regarding the terms of the Settlement Agreement and the State Court entered an Order granting Motion to Enforce Settlement on March 20, 2012, requiring Mr. Hope to sign the Settlement Agreement and Promissory Note.  Admitted further that Mr. Hope complied with the Court's Order.  Any remaining allegations in Paragraph 10 of the Complaint are denied.

      11.      Denied. The Settlement Agreement is a written document that speaks for itself.  By way of further answer, the parties subsequently orally modified the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder.

      12.      Admitted in part, denied in part.  It is admitted only that pursuant to the State Court's Order granting Motion to Enforce Settlement Agreement entered on March 20, 2012, Mr. Hope was required to sign the Settlement Agreement and Promissory Note that required an initial payment be made to Kinesio Holding Corporation on or before December 1, 2011.  By

way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement). Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note. Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions. Any remaining allegations in Paragraph 12 of the Complaint are denied.

13. Denied. The Settlement Agreement is a written document that speaks for itself. By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement). Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note. Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions. Any remaining allegations in Paragraph 13 of the Complaint are denied.

14. Denied. The Note is a document which speaks for itself, and any allegations contained in Paragraph 14 inconsistent with that document are denied. By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to

perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement). Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note. Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions.  Any remaining allegations in Paragraph 14 of the Complaint are denied.

15.     Admitted in part, denied in part.  It is admitted that Mr. Hope did not make a $20,552.48 payment to Kinesio Holding Corporation on January 1, 2012.  By way of further answer, the Note is a document which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement).  Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note.  Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions.  By way of further answer, Kinesio never provided Mr. Hope with any notice of an event of default or acceleration in accordance with paragraph 6 of the Note.  Any remaining allegations in Paragraph 15 of the Complaint are denied.

16.     Admitted in part, denied in part.  It is admitted that Mr. Hope did not make a $20,552.48 payment to Kinesio Holding Corporation in each of the months of February, March,

April, May and June.  By way of further answer, the Note is a document which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement).  Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note.  Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions.  By way of further answer, Kinesio never provided Mr. Hope with any notice of an event of default or acceleration in accordance with paragraph 6 of the Note.  Any remaining allegations in Paragraph 16 of the Complaint are denied.

17.     Denied.  To the contrary, Kinesio never notified Mr. Hope of any defaults under the Note as required under paragraph 6. of the Note.  By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement).  Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note.  Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note

within the term thereof, Kinesio refused to participate in good faith in such discussions.  Any remaining allegations in Paragraph 17 of the Complaint are denied.

18. Denied.

19. Denied.

### COUNT ONE:  BREACH OF SETTLEMENT AGREEMENT

20. Defendant incorporates and re-avers Paragraphs 1 through 19 above as if fully set forth herein.

21. Denied as stated.  By way of further answer, in addition to providing notice to Kinesio prior to the execution of the Note and Settlement Agreement, Mr. Hope disclosed in writing on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement).  Subsequent to the execution of the Note, the parties orally modified the Note and Settlement Agreement by agreeing to hold good faith discussions to restructure the terms of the Note.  Despite Mr. Hope's good faith attempts and several proposals, including a proposal that would satisfy the Note within the term thereof, Kinesio refused to participate in good faith in such discussions.  Any remaining allegations in Paragraph 21 of the Complaint are denied.

22. Denied.

**WHEREFORE**, Defendant prays for judgment against Kinesio and in favor of Mr. Hope and such other and further relief as the Court deems just and proper under the circumstances.

### COUNT TWO:  COLLECTION UNDER PROMISSORY NOTES

23. Defendant incorporates and re-avers Paragraphs 1 through 22 above as if fully set forth herein.

24. Denied.

**WHEREFORE**, Defendant prays for judgment against Kinesio and in favor of Mr. Hope and such other and further relief as the Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

The claims by Kinesio USA, LLC and Kinesio IP, LLC are barred for lack of standing as neither entity is a party to the Note.

### SECOND AFFIRMATIVE DEFENSE

Kinesio's claims are barred in whole or in part for failure of the condition precedent under paragraph six of the Note.

### THIRD AFFIRMATIVE DEFENSE

Kinesio's claims are barred in whole or in part for failure by Kinesio to provide Mr. Hope with any notice of an event of default or acceleration in accordance with paragraph 6 of the Note.

### FOURTH AFFIRMATIVE DEFENSE

Kinesio's claims are barred in whole or in part because Kinesio agreed to an oral modification of the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder.

### FIFTH AFFIRMATIVE DEFENSE

Kinesio is not entitled to its claim for relief pursuant to NMSA § 56-8-4 because Kinesio cannot establish any bad faith, intentional or willful acts by Mr. Hope given the parties' agreement to discuss in good faith a restructuring of the payments due under the Note and Mr. Hope's disclosure on the face of the Note that he is unable to perform the obligations under the Note due to an adverse change in business conditions (caused in part by Kinesio's conduct that was contrary to the spirit of the Settlement Agreement).

## COUNTERCLAIMS OF JOHN A. "JACK" HOPE

John A. "Jack" Hope ("Mr. Hope"), as Counterclaim-Plaintiff, by and through his counsel, brings counterclaims against Kinesio Holding Corporation ("Kinesio"),[1] and in support of the claims, states as follows:

1. Subsequent to the State Court's entry of the Order on the Motion to Enforce Settlement Agreement, Mr. Hope notified Kinesio that he was unable to perform under the terms and conditions of the Note due to adverse changes in business conditions (because, among other reasons, Kinesio's conduct that was contrary to the spirit of the non-disparagement agreement provision contained in the Settlement Agreement had hindered Mr. Hope's business and ability to make the payments scheduled).

2. Mr. Hope also set forth on the face of the Note that "due to an adverse change in business conditions, [Mr. Hope] is unable to perform the obligations un accordance with the Note." *See* Note, p. 2.

3. Accordingly, subsequent to executing the Note under compulsion of the State Court's Order on the Motion to Enforce Settlement Agreement, the parties orally modified the Note and Settlement Agreement by agreeing to enter good faith discussions to restructure the payments due under the Note.

4. Relying on Kinesio's agreement to discuss in good faith a restructuring of the payments due under the Note, Mr. Hope, among other things, dismissed a cause of action pending in the Court of Common Pleas of Montgomery County, Pennsylvania and did not pursue an appeal of the State Court's Order on the Motion to Enforce Settlement Agreement.

---

[1] Since the Note provides, and the parties intended, only that the monetary obligation under the Note be owed to Kinesio Holding Corporation, it is the only named Counterclaim-Defendant.

- 9 -

5. In accordance with the parties' oral modification of the Note, Mr. Hope extended several proposals to Kinesio, including proposals that would result in a total higher payment of interest to Kinesio and would result in Kinesio receiving the total payment due by the same deadline set forth in the original term of the Note.

6. Despite these good faith proposals, Kinesio refused to comply with its agreement to have good faith discussions about modifying the Settlement Agreement and Note, and instead, rejected each proposal.

7. Additionally, Kinesio demanded financial information from Mr. Hope regarding his personal and business assets and liabilities, including the assets of Performtex, a direct competitor of Kinesio. Despite providing some financial information, Kinesio repeatedly demanded more detailed information, amounting to a fishing expedition of sensitive and confidential information in a manner designed not to negotiate in good faith, but seek discovery of Mr. Hope's assets.

## COUNT I:  BREACH OF CONTRACT

8. Mr. Hope incorporates and re-alleges paragraphs 1 through 7 above as if fully set forth herein.

9. Mr. Hope and Kinesio orally modified the terms of the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder.

10. Mr. Hope proposed in good faith numerous proposals to restructure the payments.

11. Kinesio refused to discuss in good faith these proposed modifications.

12. As a result, Kinesio has breached the agreement to discuss in good faith a potential modification of the terms of the Settlement Agreement and Note.

13. As a result of this breach, Mr. Hope is entitled to a remedy of specific performance compelling the parties to discuss in good faith a restructuring of the payments due under the Settlement Agreement and Note.

## COUNT II: PROMISSORY ESTOPPEL

14. Mr. Hope incorporates and re-alleges paragraphs 1 through 13 above as if fully set forth herein.

15. Kinesio promised to modify the terms of the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder.

16. In reliance on Kinesio's promise, Mr. Hope reasonably believed that compliance with the original terms of the Note would be relieved.

17. Mr. Hope in fact reasonably relied on Kinesio's promise and did not make certain of the payments scheduled under the original terms of the Note.

18. As a result of this reliance, Mr. Hope made numerous good faith proposals to Kinesio to restructure the payments, which Kinesio rejected.

19. Mr. Hope's actions in reliance on Kinesio's oral agreement was foreseen and/or reasonably foreseeable by Kinesio.

20. As a result, enforcement of Kinesio's promise to modify the terms of the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder is required to prevent injustice to Mr. Hope resulting from defending this Action and compliance with the original terms of the Note.

**WHEREFORE**, Mr. Hope requests that the Court enter judgment in its favor and order Kinesio to comply with its agreement to modify the terms of the Settlement Agreement and Note to agree to discuss in good faith a restructuring of the payments due thereunder, to excuse Mr. Hope from compliance with the original terms of the Note, and any such other and further relief as the Court deems just and proper.


Dated:  August 6, 2012

/s/ *Erin E. Langenwalter*
Erin E. Langenwalter
LEWIS AND ROCA LLP
201 Third Street NW, Suite 1950
Albuquerque, New Mexico 87102-4388
Phone:  (505) 764-5400
Facsimile:  (505) 764-5464
Email: ELangenwalter@LRlaw.com

Michael J. Barrie
Sarah R. Stafford
BENESCH, FRIEDLANDER, COPLAN
    & ARONOFF LLP
222 Delaware Ave., Suite 801
Wilmington, Delaware  19801
Phone:  (302) 442-7010
Facsimile:  (302) 442-7012
Email: mbarrie@beneschlaw.com
          sstafford@beneschlaw.com

*Counsel for Defendant and Counterclaim-Plaintiff John A. "Jack" Hope*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2012, I filed this Answer and Counterclaim of John A. "Jack" Hope electronically through CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and further certify that on August 7, 2012, this Answer and Counterclaim was also served by first-class mail, postage prepaid, on the following:

Robert J. Muehlenweg
Lindsay K. Griffel
Rammelkamp, Muehlenweg & Cordova, P.A.
Sun Valley Commercial Center
316 Osuna Road NE, Unit 201
Albuquerque, NM 87107
Phone: 9505) 247-8860
Facsimile: (505) 247-8881
*Counsel for Plaintiffs and Counterclaim-Defendants Kinesio USA, et al.*

*/s/ Erin E. Langenwalter*
Erin E. Langenwalter