# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

KINESIO USA, LLC, a New Mexico
Limited liability company, and
KINESIO HOLDING CORPORATION, a New Mexico
Corporation,
KINESIO IP, LLC, a New Mexico
Limited liability company,

        Plaintiffs,

v.                                                                No. Civ. 12-831 LH/KBM

JOHN A. "JACK" HOPE,
an individual,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant John A. "Jack" Hope ("Defendant") on July 30, 2012. The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered Defendants Notice of Removal, Plaintiff's Complaint, the applicable law, and otherwise being fully advised, concludes that the Notice fails to allege the necessary facts of *citizenship* of Plaintiffs Kinesio USA, LLC and Kinesio IP, LLC to sustain diversity jurisdiction. Therefore, the Court will order Defendant to file an amended notice of removal within 10 days, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.**    **BACKGROUND**

On July 30, 2012, Defendant filed his Notice of Removal under 28 U.S.C. § 1332. [Doc. 1

at 1.] The Notice asserts that there is complete diversity between Plaintiffs and Defendant and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. Defendant claims to be a citizen of Pennsylvania, and he alleges the following regarding the citizenship of Plaintiffs: "Kinesio USA, LLC and Kinesio IP, LLC are New Mexico limited liability companies and [] Kinesio Holding Corporation is a New Mexico corporation. Upon information and belief, Plaintiffs' principal places of business are also located in New Mexico. As such Plaintiffs are citizens of New Mexico." *Id*. at ¶ 5.

## II.   LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.  DISCUSSION

Defendants assert jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ─ citizens of different States." § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." § 1441(b). Jurisdiction under section 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship

distinctly and affirmatively. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship).

A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are a citizen. *D.B. Zwirn Special Opportunities Fund v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879 881 n.1 (7th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Handelsman v. Bedford Village Assoc. Ltd.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Hale v. MasterSoft Intern. Pty. Ltd.,* 93 F.Supp.2d 1108, 1112 (D. Colo. 2000); *Certain Underwriters of Lloyd's, London v. Silverstone Healthcare, Inc.*, No. 07cv055 LH/WDS (Doc. 6) (D.N.M. Feb. 23, 2007).

While the Notice sufficiently alleges the citizenship of the Defendant and of Plaintiff Kinesio Holding Corporation, because it states its state of incorporation and its principal place of business, neither the Notice of Removal nor the Complaint properly allege the citizenship of Plaintiff Kinesio USA, LLC or Plaintiff Kinesio IP, LLC. Instead, both the Notice and the Complaint provide that Kinesio USA, LLC and Kinesio IP, LLC are "New Mexico limited liability companies" with principal places of business in New Mexico. (Doc. 1, at ¶ 5 & Ex. A, at 4.) By failing to assert the citizenship of each of these LLC Plaintiffs' members, Defendant's Notice fails to properly state a basis for subject matter jurisdiction in this Court.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (internal footnotes omitted).

This case has proceeded thus far without notice by any of the parties of jurisdictional problems, and the time for filing a motion to remand the case has passed. *See* 28 U.S.C. § 1447(c). It thus appears likely that the existence of diversity of citizenship can be established. Consequently, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship of each member of the LLC Plaintiffs at the time the notice was filed. *See D.B. Zwirn Special Opportunities Fund v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (holding that a party's allegation that no members of the LLC plaintiff were citizens of the same state as the defendant was insufficient to invoke diversity jurisdiction).

**IT IS THEREFORE ORDERED** that Defendant is granted **TEN (10) DAYS** leave to amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be

made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended pleading is not filed within **TEN (10) DAYS** of the date of entry of this Order, the Court will dismiss this action without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE